# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**HOWARD NELSON**                                    **CIVIL ACTION**

**VERSUS**                                           **NO: 24-961**

**BILL HOOD AUTO GROUP, ET AL.**                     **SECTION "H"**

## ORDER AND REASONS

Before the Court are Defendant Bill Hood Auto Group's Motion to Compel Arbitration and Stay Litigation, or in the alternative, to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 31); Defendant J. Kevin Decell's Motion to Dismiss (Doc. 32); and Defendant William Hood's Motion to Dismiss (Doc. 34).  For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

Plaintiff Howard Nelson brings this *pro se* action against Defendant Bill Hood Auto Group, Inc. ("Hood Auto Group") and several of its employees and agents arising out of the purchase of a vehicle. He alleges that Hood Auto Group "swindled" him out of $3,000 and defrauded him out of insurance proceeds. In addition, he alleges predatory sales practices, a RICO conspiracy,

1

and race and age discrimination.[1] He seeks the replacement of his vehicle and a refund.

Now before the Court are Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) by Defendants J. Kevin Decell and William K. Hood. In addition, Hood Auto Group has moved to compel arbitration pursuant to the purchase agreement for Plaintiff's vehicle, or in the alternative, dismiss for lack of subject matter jurisdiction. Each Defendant raises the issue of this Court's subject matter jurisdiction over this matter. Plaintiff has not filed an opposition to any of these motions. However, the Court may not simply grant the Motions as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the Court will consider the Defendants' arguments in turn.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[3] In ruling on a Rule 12(b)(1) motion to dismiss, the court

---

[1] After reviewing Plaintiff's Complaint (Doc. 1), this Court ordered Plaintiff to provide further detail regarding the full facts of his claim and the basis for this Court's jurisdiction (Doc. 12.). Plaintiff's responses (Docs. 13, 14) are considered herein as if included in his Complaint.

[2] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[3] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[4] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[5]

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[6] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[8] The court need not, however, accept as true legal conclusions couched as factual allegations.[9] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[10] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[11] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[12]

---

[4] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[5] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[6] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[7] *Id.*
[8] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[9] *Iqbal*, 556 U.S. at 678.
[10] *Id.*
[11] *Lormand*, 565 F.3d at 255–57.
[12] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

At the outset, each of the Motions before the Court raise the issue of whether this Court has subject matter jurisdiction over Plaintiff's claims. Plaintiff's Complaint purports to establish both diversity and federal question jurisdiction.

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.[13] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[14] Here, Plaintiff's Complaint lists Louisiana addresses for himself and each of the Defendants. Further, the amount in controversy appears to be either a $3,000 refund of insurance proceeds or the value of Plaintiff's vehicle, which he purchased for less than $40,000.[15] Accordingly, diversity jurisdiction is not present.

As to federal question jurisdiction, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[16] The well -pleaded complaint rule governs the existence of federal question jurisdiction.[17] "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'"[18] Plaintiff alleges federal question

---

[13] 28 U.S.C. § 1332; Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[14] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[15] Docs. 14, 31.

[16] 28 U.S.C. § 1331.

[17] Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).

[18] Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

4

is present in light of his allegations of (1) race and age discrimination, (2) "fraud of federal institution," and (3) a federal RICO violation. Defendants contend that Plaintiff has not pleaded any facts to support federal jurisdiction under any of these theories.

First, there are no factual allegations of any race or age discrimination by any Defendant. Instead, Plaintiff provides only the conclusory allegation that the Hood Auto Group uses predatory sales practices on people of color, seniors, and the disabled and broadly claims that a "cloud of racism and discrimination" hangs over the state of Louisiana.[19] These conclusory allegations are insufficient to state any federal claim for racial or age discrimination against Defendants.

Next, Defendant has not alleged any facts supporting a "fraud of federal institution" claim. Although Plaintiff has alleged fraud and unfair trade practices by the Defendants, none of the Defendants are federal institutions, and his allegations are appropriately addressed under state law fraud principles and Louisiana's Unfair Trade Practices Act.

Finally, Plaintiff's allegations fail to state a federal RICO claim.[20] Plaintiff's RICO allegation appears to stem from the fact that Hood Auto Group owns and operates the entities that offer gap and mechanical breakdown insurance on the vehicles it sells. Plaintiff does not, however, allege any racketeering activities by these entities or allege an agreement between them

---

[19] Doc. 14.

[20] The Court notes that Plaintiff cites to state law RICO statutes. Doc. 14.

5

to engage in racketeering activity.[21] Accordingly, Plaintiff's Complaint does not set forth a federal RICO claim or raise any federal question. This Court therefore does not have subject matter jurisdiction over Plaintiff's claims, and they must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss are **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana this 26th day of June, 2025.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[21] "[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." Abraham v. Singh, 480 F.3d 351, 357 (5th Cir. 2007).

6